FILED

NOT FOR PUBLICATION

JUN 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACQUELINE SHIPLET,

 Plaintiff - Appellant,

 v.

ANN VENEMAN, Secretary, United
States Department of Agriculture,

 Defendant - Appellee.

No. 09-35614

D.C. No. 1:05-cv-00015-RFC-
CSO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted June 10, 2010[**]
Portland, Oregon

Before: THOMPSON, McKEOWN and PAEZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jacqueline Shiplet appeals the district court's judgment that the Farm Service Agency ("FSA")[1] of the U.S. Department of Agriculture did not discriminate against her on the basis of gender, age, and marital status in administering its farm credit programs. Shiplet argues that the FSA deprived her of equal and fair access to farm credit in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court correctly held that the regulations that Shiplet alleges the FSA violated are not independently actionable absent a waiver of sovereign immunity. This case is distinct from Anderson v. United Finance Company, which addressed a regulatory violation that categorically violated the ECOA's ban on marital status discrimination. 666 F.2d 1274, 1276-77 (9th Cir. 1982). In contrast, the regulations at issue do not concern "the type of discrimination which the Act was created to prohibit," id. at 1276, and thus do not fall within the ambit of the ECOA's waiver of sovereign immunity.

The district court also correctly found that Shiplet failed to establish a prima facie case of discrimination regarding her applications for direct loans in 1981,

---

[1] The FSA is the successor agency to the Farmers Home Administration. For ease of reference, we refer to the FSA throughout this memorandum.

1984, 1994, and 1995, as Shiplet was not qualified for credit at the outset. The district court's findings that Shiplet was ineligible for credit and that her loan applications were infeasible were not clearly erroneous. As a result, we need not address Shiplet's argument that she was treated differently from similarly situated borrowers.

The district court correctly found that the FSA did not discriminate against Shiplet in processing her 1984 and 1985 emergency loan applications. As the district court found, Shiplet failed to show that she was treated differently from similarly situated persons. In addition, even assuming that Shiplet made a prima facie case of discrimination, the government rebutted that case by articulating legitimate, nondiscriminatory reasons for delay, such as Shiplet's failure to meet loan application requirements. See McDonald Douglas Corp. v. Green, 411 U.S. 793, 802 (1973).

Finally, Shiplet's claim that the FSA discriminated against her by denying her loan servicing is not supported by the record. Rather, the record reflects that the FSA attempted to provide Shiplet servicing on her emergency loans.

**AFFIRMED.**